**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2359**

JAY KRUISE,

Plaintiff - Appellant,

v.

ROBERT M. SPEER, Acting Secretary of the Army,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:16-cv-00830-TSE-IDD)

Submitted: June 15, 2017                                    Decided: July 21, 2017

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul Victor Jorgensen, Middletown, Maryland, for Appellant. Chad A. Readler, Acting Assistant Attorney General, Dana J. Boente, Acting United States Attorney, Charles W. Scarborough, Abby C. Wright, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jay Kruise appeals the district court's order dismissing his claims against the Acting Secretary of the United States Army seeking to challenge the suspension of his security clearance under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012); the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. §§ 701 to 796l (West 2008 & Supp. 2016); the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213 (2012); the Back Pay Act, 5 U.S.C.A. § 5596 (West 2007 & Supp. 2017); and the Due Process Clause. We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. *See Kruise v. Speer*, No. 1:16-cv-00830-TSE-IDD (E.D. Va. filed Oct. 12, 2016 & entered Oct. 13, 2016); *see also Dep't of Navy v. Egan*, 484 U.S. 518, 525-30 (1988) (precluding judicial review of security clearance decisions); *Hegab v. Long*, 716 F.3d 790, 794 (4th Cir. 2013) (recognizing that "courts are generally without subject-matter jurisdiction" to review security clearance decisions because "a court should not be put in the position of second-guessing the discretionary judgment of an executive agency assessing national security risks"); *Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996) ("[I]f permitted to review the initial stage of a security clearance determination to ascertain whether it was a retaliatory act, the court would be required to review the very issues that the Supreme Court has held are non-reviewable."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*